IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRANDY ANDERSON, *individually and on behalf of all others similarly situated* | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 7:20-cv-00298 ) |
| CAPIO PARTNERS, LLC, CF MEDICAL, LLC, and JOHN DOES 1–25 | ) By: Elizabeth K. Dillon ) United States District Judge ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before the court is Capio Partners, LLC's and CF Medical, LLC's corrected joint motion to dismiss plaintiffs' class action complaint. (Defs.' Corrected Mot. to Dismiss, Dkt. No. 7.) Plaintiff Brandy Anderson, on behalf of herself and others similarly situated, claims that defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e–g, when they sent her a collection letter offering a reduced payment to settle her debt. (Compl., Dkt. No. 1.) Anderson claims that the collection letter was misleading and that the settlement offer overshadowed information about her right to contest the debt. (*Id.*) This matter has been fully briefed, the court finds that no hearing is required, and the matter is ripe for resolution. For the reasons stated below, the court will grant in part and deny in part defendants' motion to dismiss.

I. BACKGROUND

On or about August 20, 2019, defendant Capio Partners, LLC, a debt collection company, sent Anderson a letter (the "collection letter") regarding an alleged debt that she owed to Palestine Regional Medical Center. (Compl. 6–7.) Palestine Regional is now owned by

1

defendant CF Medical, LLC, who contracted with Capio to collect the debt. (*Id.* at 7.)

The collection letter notified Anderson that she owed $248.40 to CF Medical and that Capio was responsible for collection. (Defs.' Ex. 1 at 1, Dkt. No. 5-1.) The collection letter made Anderson "a special offer" to settle her debt (the "settlement offer"). (*Id.*) Capio presented the settlement offer in the collection letter as follows:

> We have been authorized to extend to you a special offer to resolve this account for $99.36. This offer will save you 60%. If you choose to accept this offer, payment must be received in this office on or before 09/20/2019. (*Id.*)

The collection letter also informed Anderson of her right to contest the debt. On the front page of the letter Capio wrote:

> This offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described on the reverse side. If you do not accept this offer you are not giving up any of your rights regarding this debt. (*Id.*)

The front of the collection letter stated, "SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION." The reverse side of the collection letter stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. (*Id.* at 2.)

On May 26, 2020, Anderson filed a class action complaint, alleging that defendants violated the FDCPA by: (1) making false and misleading representations in their collection letter in violation of 15 U.S.C. § 1692e; (2) offering a settlement plan that was available for a period of time less than the 30-day debt dispute period in violation of 15 U.S.C. § 1692f; and (3) overshadowing the disclosure of the consumer's right to contest the debt in violation of 15

U.S.C. § 1692g.  (Compl.)

On June 24, 2020 defendants Capio and CF Medical filed a joint motion to dismiss for failure to state a claim.  (Defs.' Mot. to Dismiss, Dkt. No. 4; Defs.' Brief, Dkt. No. 5; Defs.' Corrected Mot. to Dismiss, Dkt. No. 7 (later the same day defendants filed a correction to their motion).)  Defendants argue that "the fact that an offer to settle expires within the Dispute Period does not provide evidence of overshadowing" and the letter does not leave the consumer uncertain of her rights to contest the debt.  (Defs.' Brief 2.)  Defendants also argue that because the letter states, "[t]his offer and the deadline for accepting it do not in any way affect your right to dispute this debt . . . ," that even the least sophisticated consumer would not be confused as to her right to dispute the debt.  (*Id.* at 8.)

On August 7, 2020, Anderson filed a response in opposition to the motion to dismiss.  (Pl.'s Resp., Dkt. No. 15.)  Anderson likens the collection letter to a demand letter and argues that "an unsophisticated consumer would likely believe that setting up payment arrangements would act as a waiver of the right to dispute the debt." (*Id.* at 11 (quoting *Glackin v. LTD Fin. Servs., L.P.*, No. 4:13-CV-00717 (CEJ), 2013 WL 3984520, at *3 (E.D. Mo. Aug. 1, 2013)).  Anderson also argues that the notice of her right to dispute the debt was misleading because it "does not explain how the consumer's debt validation rights would be impacted, if at all, by accepting the settlement offer."  (*Id.* at 13.)  Finally, Anderson objects to the format of the letter because it emphasizes certain information on the front page while relegating the consumer's rights to the back page.[1]  (*Id.* at 14.)

---

[1] As defendants note, Anderson does not include her format related overshadowing claims in her complaint. (Defs.' Reply 3, Dkt. No. 16.)  "Plaintiff cannot assert new claims by raising them in her brief in opposition to the Defendant's motion to dismiss."  *Marsh v. Virginia Dep't of Transp.*, No. 6:14-cv-00006, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014).  Therefore, the court will not address Anderson's formatting arguments.

3

On August 21, 2020, defendants filed a joint reply in support of their motion to dismiss. (Defs.' Reply, Dkt. No. 16.) Defendants again argue that the collection letter does not leave the consumer uncertain of her rights to contest the debt. (*Id.*) On October 2, 2020, defendants filed supplemental authority in support of their motion to dismiss.[2] (Defs.' Suppl. Authority, Dkt. No. 18.)

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a dismissal when a plaintiff fails "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 550. A court will accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court need not accept "legal conclusions drawn from the facts," nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In adjudicating a motion to dismiss, 'a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint.'" *Rothy's, Inc. v. JKM Techs., LLC*, 360 F. Supp. 3d 373, 378 (W.D. Va. 2018)

---

[2] Defendants argue that the recent decision in *Davidson v. The Law Office of Mitchell D. Bluhm & Assoc., LLC*, No. 1:20-cv-00680 (E.D. Va. Sept. 22, 2020), supports their motion to dismiss. In *Davidson*, a similar FDCPA dispute with a similar collection letter, the court granted judgment on the pleadings for defendants. However, the *Davidson* court did not issue a written decision for its judgment, and without any explanation of why it ruled for defendants, this judgment is not helpful in ruling on the motion now before this court.

4

(quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).

## B. Analysis

"The FDCPA protects consumers from abusive debt collection practices by prohibiting the use of 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Talbott v. GC Servs. Ltd. P'ship*, 53 F. Supp. 2d 846, 850 (W.D. Va. 1999) (quoting 15 U.S.C. § 1692e). To make an FDCPA claim "the plaintiff must show: (1) that the plaintiff is a 'consumer' within the meaning of the statute; (2) that the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) that the defendant has violated the FDCPA by act or omission." *Id.* Here, parties do not dispute that Anderson is a consumer and that Capio is a debt collector.

Though styled as three counts, plaintiff argues that defendants violate the FDCPA in two ways: (1) defendants' settlement offer that expired during the 30-day dispute period overshadowed plaintiff's right to dispute the debt (counts two and three); and (2) defendants' made false, deceptive, or misleading representations in connection with the collection of the debt (count one). (Compl. 9–11.)

### 1. Overshadowing Claim

"When collecting a debt, the FDCPA requires debt collectors to send the consumer a written notice containing:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the

5

> consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. *McCormick v. Wells Fargo Bank*, 640 F. Supp. 2d 795, 799 (S.D.W. Va. 2009) (quoting 15 U.S.C. § 1692g(a)).

"To be adequate, the notice of validation rights 'must be placed in such a way to be easily readable, and must be prominent enough to be noticed by an unsophisticated consumer.'" *Id.* (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139 (4th Cir. 1996)). "The notice also must not be overshadowed or contradicted by other messages." *Id.* Whether a collection letter's notice of validation rights is overshadowed by other information is a question of law for the court. *Id.* at 798–99.

"Generally, a notice is 'overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights.'" *Talbott*, 53 F. Supp. 2d at 853 (quoting *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997)). "Where a demand letter asks for immediate payment or payment within thirty days, courts have overwhelmingly found that language overshadowing." *Id.* (citing *Savino v. Computer Credit*, 164 F.3d 81 (2nd Cir. 1998); *Russell v. Equifax*, 74 F.3d 30 (2nd Cir. 1996); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997); *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988)). By contrast, "simple offers of settlement, even those with effective dates within the 30-day validation window, do not generally overshadow an otherwise proper notice." *Hanks v. Shafer Law Firm, PC*, No. 2:19CV428, 2019 WL 6834319, at *5 (E.D. Va. Nov. 14, 2019), report and recommendation adopted, No. 2:19CV428, 2019 WL 6834312 (E.D. Va. Dec. 13, 2019) (citing *Roman v. RGS Financial, Inc.*, No. 2:17cr4917, 2019 WL 4247551, at *10 (E.D.N.Y. Sept. 6, 2019) (collecting cases)).

Defendants cite numerous cases for the proposition that "where an overshadowing claim is solely premised on a settlement offer expiring within the [d]ispute [p]eriod, a plaintiff has no FDCPA claim." (Defs.' Brief 6 (citing *Omogbeme v. Risk Mgmt. Alternatives, Inc.*, 2003 WL 21909773, *3 (E.D.N.Y. Aug. 4, 2003); *Gervais v. Riddle & Assocs., P.C.*, 479 F. Supp. 2d 270, 278 (D. Conn. 2007); *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 873 (S.D. Tex. 2011); *Campbell v. Palisades Acquisition XVI, LLC*, 2009 WL 10701616, *3 (S.D. Fla. June 18, 2009); *Betz v. MRS BPO, LLC*, 2017 WL 1496135, *4 (E.D. Wis. Apr. 26, 2017); *Cooper v. Atl. Credit & Fin. Inc.*, 2019 WL 2076397, *4 (N.D. Ala. May 10, 2019))).

Here, the collection letter provides Anderson with the statutorily required notice and makes her a settlement offer that expires during the 30-day dispute window. Although plaintiff attempts to frame the collection letter as "a clear-cut case of 'demanding payment' within the 30-day debt validation period," the letter does not demand immediate payment or payment-in-full before 30 days. (Pl.'s Resp. 10.) Instead, the letter is akin to that described in *Hanks*, in which the settlement offer does not overshadow otherwise proper notice simply because it expires during the debt dispute period. Since the settlement offer alone cannot overshadow Capio's otherwise proper notice, and Anderson makes no other overshadowing claims in the complaint, the court will dismiss Anderson's overshadowing claims and grant defendants' motion to dismiss as to counts two and three.

### 2. Misleading Claim

"Section 1692e of the FDCPA prohibits a 'debt collector' from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Laporte v. Midland Funding LLC*, No. 5:19-CV-000073, 2020 WL 2814184, at *3 (W.D. Va. May 29, 2020) (quoting 15 U.S.C. § 1692e). "The Fourth Circuit has adopted the 'least

sophisticated consumer' standard to determine if a Section 1692e violation has occurred'" *Id.* (quoting *Stewart v. Bierman*, 859 F. Supp. 2d 754, 761 (D. Md. 2012) (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999)). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Servs., Inc.*, 98 F.3d at 136. "Under the 'least sophisticated consumer' standard, 'a statement is false or misleading if it can be reasonably read to have two or more meanings, one of which is inaccurate.'" *Laporte*, 5:19-CV-000073, 2020 WL 2814184, at *3 (quoting *Goodrow v. Friedman & MacFadyen, P.A.*, 788 F. Supp. 2d 464, 472 (E.D. Va. 2011) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (citation omitted)); *but see Kirkpatrick v. TJ Servs., Inc.*, 379 F. Supp. 3d 539., 541–42 (E.D. Va. 2019) (stating that the "Fourth Circuit has not opined on this issue.")).

In order to sustain a claim under 15 U.S.C. § 1692e, the misleading representation must be material. *Conteh v. Shamrock Cmty. Ass'n, Inc.*, 648 F. App'x 377, 379 (4th Cir. 2016). Misleading statements are material when they influence a consumer's decision about how to respond to the efforts to collect the debt. *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 127 (4th Cir. 2014)). A misleading statement is one that would "frustrate [the least sophisticated] consumer's ability to intelligently choose his or her response," *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015) (internal quotation marks omitted), or "would have been *important* to the consumer *in deciding how to respond* to efforts to collect the debt," *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014) (emphasis in original). Ultimately, "the test is the capacity of the statement to mislead; evidence of actual deception is unnecessary." *Nat'l Fin. Servs., Inc.*, 98 F.3d at 139.

Here, the collection letter explicitly states:

> This [settlement] offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of this debt . . . . If you do not accept this offer you are not giving up any of your rights regarding this debt. (Defs.' Ex. 1 at 1.)

Defendants argue that the first sentence would leave the least sophisticated consumer without a doubt of her right to contest the debt, even read in conjunction with the second sentence. (Defs.' Reply 7.) Anderson argues that the second sentence misleads the least sophisticated consumer to assume that if they accept the offer, they are giving up their rights to contest the debt. (Pl.'s Resp. 13.)

The second sentence explicitly describes Anderson's rights if she rejects the settlement offer. However, the letter does not explicitly describe Anderson's rights if she accepts the settlement offer. Anderson has pled sufficient facts to state a claim as to misleading statements in violation of 15 U.S.C. § 1692e because, read as a whole, the least sophisticated consumer may reasonably believe that she may have no dispute rights if she accepts the settlement because Capio did not describe her dispute rights if she were to accept the settlement. Therefore, the court will deny defendants' motion to dismiss as to count one.

### III. CONCLUSION

For the above reasons, the court will enter an order granting in part defendants' corrected motion to dismiss (Dkt. No. 7) as to counts two and three and denying in part the motion as to count one.

Entered: January 26, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge